JOHNSON, Chief Justice,
additionally concurs.
|, TKTMJ, Inc. was the lowest bidder for a public works project awarded by the City of New Orleans. The third lowest bidder, Durr Heavy Construction, L.L.C., filed a protest with the City, arguing the two lower bids were non-responsive. The City denied the protest and Durr sought injunctive relief in the district court, which was denied. However, the majority of the court of appeal reversed, finding the district court abused its discretion in denying injunctive relief. This court correctly reinstates the district court’s ruling.
On March 24, 2015, the City of New Orleans issued an “Invitation to Bid” (“ITB”) for construction of a street paving project. The ITB form contained a “Proposal No. 500C-01811” in the upper right hand-corner. The Project Name was identified as “Lakeview Quad 2 Pavement-2012-FEMA-1C-2A.” The “Bid Instructions” in the ITB contained the statement “Failure to satisfy instructions may render bids non-responsive and remove them from the competition.” The bottom of the ITB form included a boxed section labeled “Submission Package,” which contained the following submission options: “EITHER: SEALED ENVELOPE bearing the Proposal Number & Louisiana State Contractor’s License Number OR • ONLINE AT http://http://purchasing.nola.gov/ bsoAogin.jsp.” |2('Emphasis added).
TKTMJ timely' submitted its bid in a sealed envelope, using the statutorily mandated “Louisiana Uniform Public Work Bid Form” provided by the City. The Bid Form contains information sections entitled “TO” and “BID FOR” which were filled out by the “Owner,” the City of New Orleans. The City completed the “TO” section -with its name and address and further provided the project information in the “BID FOR” section. The City designated the project by the FEMA number and Project name used in the ITB, along with a Public Works (“PW”) number, designated as “PW 17124.” The Bid Form máde no reference to the Proposal Number used in the ITB, nor did the online submission forms. Neither TKTMJ nor the second lowest bidder, Roubion Roads & Streets, LLC, included the “Proposal Number” on the outside of the sealed envelopes containing their bids. Instead, both TKTMJ and Roubion wrote the same information that the City used in the Bid Form to identify the project on their sealed envelopes; namely, the FEMA number (“2012-FEMA-IC-2A”), the PW number (“17124”) and the project name (“Lakeview Quadrant 2-Paving only”). Durr, the third lowest bidder, also submitted its bid by sealed envelope, but included both the PW number and the Proposal Number on the outside of the envelope.
In protesting the award of the contract to TKTMJ and seeking injunctive relief, Durr argued because TKTMJ and Roubion did not include the Proposal Number on the front of their submission envelopes as required by the “Invitation to Bid,” their bids were non-responsive. In granting in-junctive relief, -the majority of the court of appeal found the requirement in the ITB that the proposal number be included on *386 the outside of the sealed envelope was non-waivable pursuant to ' La. R.S. 38:2212(B)(1) and thus TKTMJ’s bid was non responsive. I must disagree.
Louisiana’s Public Bid Law governs the manner in which all contracts for |3public works are awarded. Relevant to this case is La. R.S. 38:2212, which governs advertisement and bidding for public works projects. I find Section (B)(2) of the statute to be pertinent in this case:
(B)(2) Any public entity advertising for public work shall use only the Louisiana Uniform Bid Form as promulgated in accordance with the Administrative Procedure Act by the division of administration, office of facility planning and control. The bidding documents shall require only the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Signature of Bidder, Name, Title, and Address of Bidder, Name of Firm or Joint Venture, Corporate Resolution or written evidence of the authority of the person signing the bid, and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth including a description for each unit; however, unit prices shall not be utilized for the construction of building projects, unless the unit prices and their extensions are incorporated into the base bid or alternates. (Emphasis added).
This exclusive list of information/documentation permitted in. “bidding documents” contained in subsection (B)(2) was added by the Legislature when the statute was amended in 2014.[1] Thus, in my view, this statute- now mandates that the bidding documents shall require the bidder to submit only the specific information listed. The “bidding documents” include the bid notice and the bidding instructions,[2] Therefore, based on the clear wording of the statute, I find TKTMJ correctly asserted that the Public Bid Law now provides an exclusive list of the only twelve items of information which a public entity can require bidders to provide in the “bidding documents” to evaluate the bid’s responsiveness, and a “Proposal Number” is clearly not one of those twelve items.
The Public Bid Law was enacted in the interest of the taxpaying citizens to Lprotect them against contracts entered into by public officials because of favoritism and involving exorbitant and extortionate prices. Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 04-0211 (La.3/18/04), 867 So.2d 651, 656. The disqualification of TKTMJ’s bid would not serve this-purpose because it would enjoin the City from awarding the contract to the lowest responsive bidder. It would force the City to pay increased costs for the project, and the citizens-would suffer needless delay in completion of the road work project.

. See 2014 La. Acts 759.

. La. R.S. 38:2211(A)(2) provides: "Bidding documents” means the bid notice, plans and specifications, bid form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract.